HORTON, Judge.
Appellant seeks review of an adverse final decree dismissing its action brought to enjoin the appellee city from enforcing certain special assessment improvement liens against its property.
' The appellant is a Florida corporation for profit engaged in the business of selling cemetery lots. The purchaser of a grave site receives a certificate of ownership conveying to him the beneficial interest in the site with the right of interment of a deceased person. Legal title to the property remains in the appellant. A large portion of the approximately thirty- *828 two acres of land m appellant s cemetery has already been sold to individuals for burial purposes; however, the entire south section has not been platted for burial purposes and there is another section containing an administration building and parking lot which is not intended for, such use. In addition, there are two other areas platted for burial purposes. One of these contains unsold lots while the other is used as a dump. The special assessment improvement liens in question were filed by the city to cover the cost of constructing sidewalks on the north, south, and west perimeter of the cemetery.
Appellant filed a bill in equity seeking to enjoin the appellee from enforcing these liens. After hearing, the chancellor entered the final decree appealed dismissing the bill.
At the outset it should be noted that we are not here called upon to decide whether or not these liens are enforceable against those lots in which the fee or beneficial interest is owned by an individual purchaser deriving title through the appellant. The appellee concedes that those lots should be excluded from the operation of its lien.
The appellant contends that it would be against public policy to permit these special assessment liens to be enforced against its property. In support of this contention, appellant cites and relies principally upon several Florida statutes relating to cemetery property.[1] We find this contention to be without merit.
Neither those statutes and authorities cited to us by the appellant nor our independent research convince us of the existence in Florida of a public policy which requires or permits the exemption of land owned by a cemetery corporation for profit from the force and effect of special assessment liens. Concluding as we have that no such policy exists, nevertheless such conclusion is not intended here, nor should it be construed, as applying to those lots already owned or in use as burial plots or held by others bona fide for that purpose.
Other contentions raised by the appellant have been considered but found to be without merit. Accordingly, the decree appealed is affirmed.
Affirmed.

. Among them are §§ 192.06, 559.30-559.48, both inclusive, 822.13, and 872.02, Fla.Stat., F.S.A.